Citation Nr: 1546207 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 07-33 953 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for degenerative joint disease of the right knee. 

2. Entitlement to a compensable rating, since May 30, 2011, for bilateral pes planus. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A. Barbier, Associate Counsel



INTRODUCTION

The Veteran served on active duty from September 1984 to February 2006. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. 

This matter was previously before the Board in May 2011, at which time it was remanded for additional development, and in March 2014, at which time the claim was denied. The Veteran appealed that decision to the United States Court of Appeals for Veterans Claims (Court). In a June 2015 Joint Motion for Remand (JMR), the Secretary of VA and the Veteran moved to vacate the March 2014 decision with respect to the issues addressed herein. 

This appeal was processed using the Veteran Benefits Management System (VBMS) paperless claims processing system. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets additional delay, remand is necessary for additional evidentiary development before the Board can adjudicate the Veteran's claims. 

The Board notes that the most recent VA examinations of the Veteran's right knee and bilateral pes planus were in May 2011, over four years ago. The Board finds that remand is necessary to afford the Veteran a contemporaneous examination. See Caffrey v. Brown, 6 Vet. App. 377, 381 (1994) (the Court determined the Board should have ordered a contemporaneous examination of the Veteran because a 23-month old examination was too remote in time to adequately support the decision in an appeal for an increased rating). 

Additionally, as indicated in the June 2015 JMR, the May 2011 VA examiner indicated that the Veteran was sent for x-rays of the feet but that results were not available. The Board finds that, on remand, these results must be obtained and associated with the claims file. Furthermore, in an October 2012 statement, the Veteran noted recent treatment for foot pain and calluses. There is no indication that records of such treatment has been obtained. 

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims file relevant records of the Veteran's treatment within the appropriate VA Health Care system. 

2. Ask the Veteran to identify any outstanding treatment records associated with his right knee disability and bilateral pes planus and obtain the necessary authorization to obtain such records, specifically records associated with foot treatment identified in October 2012. After receiving any necessary authorization forms, the RO should obtain all identified records. All attempts to procure the identified records must be documented in the claims file, and the Veteran must be notified of any unsuccessful attempts in this regard. If no such records exist, document such in the claims file. Associate any records or negative responses received with the claims file. 

3. After the above development has been completed and all obtainable records have been associated with the claims file, schedule the Veteran for an appropriate VA examination conducted by an appropriate physician to determine the current nature and etiology of the Veteran's bilateral pes planus. The examiner should identify and completely describe all current symptomatology, and all indicated tests, including x-rays, should be conducted. The Veteran's claims file must be reviewed by the examiner in conjunction with the examination.

The examiner should describe the nature and severity of all manifestations of the Veteran's bilateral pes planus, to include any limitation of motion. The examiner should indicate whether such disability results in neurologic impairment and, if so, the nerve affected and the severity of such impairment. The examiner should also indicate whether there is any objective evidence of weight-bearing line over or medial to the great toe, inward bowing of the tendo Achilles, pain on manipulation and use of the feet, objective evidence of marked deformity, use accentuated, indication of swelling on use, characteristic callosities, marked pronation, extreme tenderness of plantar surfaces of the feet, marked inward displacement and severe spasm of the tendo Achilles on manipulation that was not improved by orthopedic shoes or appliances. The examiner should also comment on whether the Veteran's bilateral pes planus could be characterized as moderate, moderately severe or severe. The examiner should also discuss the Veteran's functional impairments due to his bilateral pes planus. 

If there are other diagnoses pertaining to the Veteran's bilateral feet, the examiner should specifically indicate whether such are related to the Veteran's bilateral pes planus. The examiner should indicate whether each such disability is slight, moderate, moderately severe, or severe. 

A rationale should be provided for any opinion offered. 

4. After the above development has been completed and all obtainable records have been associated with the claims file, schedule the Veteran for an appropriate VA examination conducted by an appropriate physician to determine the current nature and etiology of the Veteran's right knee disability. The examiner should identify and completely describe all current symptomatology, and all indicated tests, including x-rays, should be conducted. The Veteran's claims file must be reviewed by the examiner in conjunction with the examination.

The examiner should conduct range of motion testing of the right knee (expressed in degrees). The physician should render specific findings as to whether, during the examination, there is objective evidence of pain on motion, weakness, excess fatigability, and/or incoordination. If pain on motion is observed, the physician should indicate the point at which pain begins. In addition, the physician should indicate whether, and to what extent, the Veteran experiences functional loss due to pain and/or any of the other symptoms noted above during flare-ups and/or with repeated use; to the extent possible, the physician should express any such additional functional loss in terms of additional degrees of limited motion. 

The examiner should also indicate whether there is any lateral instability and/or recurrent subluxation in the right knee. If instability is present, the examiner should, based on the examination results and the Veteran's documented medical history and assertions, assess whether such instability is slight, moderate, or severe. 

Further, based on a review of the Veteran's documented medical history and assertions, the examiner should indicate whether, at any time since March 1, 2006, the Veteran's right knee disability has changed in severity and, if so, the approximate date(s) of any such change(s) and the extent of severity of the disability at each stage. 

All examination findings/testing results, along with complete, clearly-stated rationale for the conclusions reached, must be provided. 

5. After the above development is completed, re-adjudicate the claims on appeal. If the benefits sought are not granted in full, provide the Veteran with a supplemental statement of the case. Allow an appropriate opportunity to respond thereto before returning the matter to this Board, if in order. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).